UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN DOE,

                Plaintiff,

            Case No. 24 cv 02703

  -against-

            COMPLAINT

PRAXIS HOUSING INITIATIVES, INC., and
SHAUNTEE GARNETT,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff JOHN DOE, by his undersigned attorney, alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action brought by Plaintiff John Doe against Praxis Housing Initiatives, Inc. (hereinafter "Praxis"). Plaintiff John Doe is an individual living with Human Immunodeficiency Virus ("HIV") and tenant of a single room occupancy residence operated by Defendant Praxis. Despite Praxis' stated mission to provide "clean, safe housing, and support services that lead to recovery, stability, and ultimately, independence"[1] for chronically homeless population including people living with HIV, Praxis, via employee Defendant Shauntee Garnett, ("Defendant Garnett," "Ms. Garnett") breached Mr. Doe's confidentiality by impermissibly and non-consensually sharing his HIV status with another community member. The exposure of Mr. Doe's confidential medical information, specifically his HIV status, by Defendant Garnett to a member of the Harlem community has deeply undermined Mr. Doe's sense of safety and security in the community. Now, despite having lived in Harlem most of his life, Mr. Doe is

---

[1] *Our Mission*, PRAXIS HOUSING INITIATIVES, INC., https://www.praxishousing.org/about/ (last visited Jan. 9, 2024).

wary of others in the community who may now know his HIV status, and now fears being recognized and stigmatized in the only neighborhood he has ever known.

2. This action is brought pursuant to Article 27-F of the New York State Public Health Law, N.Y. Pub. Health L. § 2782(1) ("Public Health Law") and the Fair Housing Act, 42 U.S.C. § 3617. Plaintiff also brings actions herein for negligence and negligent infliction of emotional distress.

3. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees, and all other appropriate legal and equitable relief.

## PARTIES

4. Plaintiff John Doe ("Mr. Doe") is a resident of the State of New York and grew up in the Harlem neighborhood of Manhattan, New York City. After the events described in this Complaint, he moved to the Midtown neighborhood of Manhattan to avoid interacting with community members who may be aware of his HIV status. He is identified by a pseudonym to protect his right to privacy and to protect him from any further harm, embarrassment, and hardship that could result from revealing his identity. Concurrent with the filing of this complaint, Plaintiff submitted an Order to Show Cause, supporting Affirmation, and Memorandum of Law in Support of Plaintiff's Application to Proceed Under a Pseudonym.

5. Mr. Doe is a Black man living with HIV.

6. Defendant Praxis Housing Initiatives, Inc. is a not-for-profit corporation incorporated under the laws of the State of New York, with its principal place of business at 130 West 29th Street, 7th Floor, New York, NY 10001.

7. Defendant Shauntee Garnett is an employee of Defendant Praxis, where she has worked since the spring of 2022, first in training for and ultimately as a housing assistant.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States; 28 U.S.C. § 1343 for actions arising under laws providing for the protection of civil rights; and 28 U.S.C. § 1367 for related state and local claims.

9. This action for actual and punitive damages is brought pursuant to 42 U.S.C. § 3613, Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Amendments of 1988, and N.Y. Pub. Health L. § 2782(1), Article 27-F of the New York State Public Health Law.

10. Plaintiff further seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

11. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the place in which a substantial part of the acts or omissions giving rise to the claim occurred.

## STATUTORY AND REGULATORY SCHEME

### Title VIII of the Civil Rights Act of 1968, as amended by
### The Fair Housing Amendments Act of 1988

12. Title VIII of the Civil Rights Act of 1968, also known as the Fair Housing Act ("FHA"), as amended by the FHA Amendments (42 U.S.C. § 3601 *et seq.*), states that "it shall be unlawful ... [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of - - (A) that person; or . . .(C) any person associated with that person." 42 U.S.C. § 3604(f)(2).

13. The FHA further states, "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.

14. The provisions of the FHA and the corresponding federal regulations promulgated thereunder apply to all dwellings with the exception of those housing four or fewer families. 42 U.S.C. § 3603(a), (b).

15. The FHA defines handicap as

> with respect to a person
> (1) a physical or mental impairment which substantially limits one or more of such person's major life activities,
> (2) a record of having such an impairment, or
> (3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance (as defined in section 802 of title 21).

42 U.S.C. § 3602(h).

## New York State Public Health Law

16. The New York State Public Health Law, Article 27-F reads in relevant part:

> No person who obtains confidential HIV related information in the course of providing any health or social service or pursuant to a release of confidential HIV related information may disclose or be compelled to disclose such information….

N.Y. Pub. Health L. § 2782(1).

## FACTS

17. Mr. Doe is a Black man who has been diagnosed with HIV.

18. Mr. Doe is an extremely private person who takes great care not to disclose his HIV status to most members of his community. Mr. Doe is not generally out as a person living with HIV to most of his friends and family.

19. In addition to Mr. Doe's private personality, he takes care not to disclose his HIV status for fear of disastrous personal outcomes including ostracism from his friends, family, and community and even threats to his personal safety.

20. From October, 2021 until December, 2022, Mr. Doe resided a single room occupancy ("SRO") unit operated by Defendant Praxis. Mr. Doe obtained this room through Praxis's HIV SRO housing program.

21. The SRO is located in the Harlem neighborhood of Manhattan, in New York City. The facility where Mr. Doe lived houses exclusively participants of the HIV SRO program, which is to say, exclusively people living with HIV.

22. Mr. Doe grew up and his lived most of his life in Harlem, and thus is known in and knows many others in the Harlem community. Mr. Doe also raised his son in Harlem.

23. Ms. Garnett began working at Praxis in the spring of 2022.

24. Ms. Garnett is a case manager in Defendant Praxis' HIV SRO housing program, through which she became acquainted with Mr. Doe.

25. Ms. Garnett held herself out as an agent of Praxis, thus assuming the obligations and duties, statutory and otherwise, that Praxis owes its clients, including Mr. Doe.

26. On November 27, 2022, Mr. Doe encountered Ms. Garnett as he was exiting the Palace Food Deli, located at 2829 Frederick Douglas Boulevard, within ten blocks of the SRO in which Mr. Doe then lived.

27. On that date, Mr. Doe observed Ms. Garnett speaking to a woman unknown to Mr. Doe and heard Ms. Garnett and the other woman discussing him.

28. Mr. Doe was not yet certain that Ms. Garnett had disclosed his HIV status to the third party, though he feared that this was the case.

29. On December 2, 2022, Mr. Doe again saw the woman he witnessed speaking to Ms. Garnett on November 27, 2022.

30. On December 2, 2022, when Mr. Doe encountered the unknown woman, she told Mr. Doe, "Shauntee [referring to Ms. Garnett], that's my girl. She told me what's up with you. She's a housing specialist up there [referring to Mr. Doe's residence]."

31. Upon information and belief, the third party either previously knew or was informed by Ms. Garnett that Mr. Doe's residence houses exclusively people living with HIV.

32. Mr. Doe interpreted the statement "She told me what's up with you," to indicate that she learned his HIV status from Ms. Garnett.

33. Because of the disclosure, Mr. Doe is now fearful of encountering others in the community, as he cannot be sure who now knows his HIV status, a status that carries great stigma in the community.

34. Due to this disclosure, Mr. Doe has experienced anxiety, depression, and a fear of social interactions.

35. Mr. Doe has sought psychiatric treatment for his depression and is presently being treated with anti-depressant medication.

36. While he was previously receiving anti-depressant medication, this incident has greatly increased his anxiety symptoms.

37. Because of Respondent's disclosure of his HIV status, Mr. Doe no longer feels safe in Harlem. He reports persistent concerns that people on the street are discussing him, which, upon information and belief, are founded.

38. After the incident, Praxis moved Mr. Doe to another unit in a different housing site also administered by Praxis.

39. Since moving to the new housing location in midtown-Manhattan, Mr. Doe has avoided the entire Harlem area due to fears of others' knowledge of his HIV status. Mr. Doe only travels to Harlem when absolutely necessary, most frequently to visit his mother, but even this gives him great anxiety.

40. On June 7, 2023, Mr. Doe, through counsel, sent a letter to Defendant Praxis seeking redress for Defendant's disclosure of Mr. Doe's confidential information.

41. To date, Defendant Praxis has not responded to this request for redress.

42. On August 14, 2023, Mr. Doe, via counsel, filed a complaint with the New York Attorney General's Civil Rights Bureau about Defendants' violation of the New York Public Health Law.

43. Ms. Garnett remains an employee of Defendant Praxis to date.

44. Mr. Doe brings this action seeking monetary compensation for his damages and corrective action by Praxis, including but not limited to training of its staff and employees and updated policies on confidentiality of client information.

## FIRST CAUSE OF ACTION
### Violation of Fair Housing Act, 42 U.S.C. § 3604(f)(2)

45. Plaintiff repeats and realleges the allegations in the preceding paragraphs as though fully set forth herein.

46. Plaintiff is living with HIV and therefore disabled ("handicapped") within the meaning of the Fair Housing Act 42 U.S.C. § 3602(h).

47. The SRO unit rented to Plaintiff by Defendant Praxis is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

48. Ms. Garnett's conduct in purposefully and maliciously disclosing Plaintiff's HIV status to a member of Plaintiff's community constitutes discrimination in the terms, conditions, or privileges of rental of a dwelling and in the provision of services in connection with Plaintiff's dwelling on the basis of his handicap in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(2).

49. Ms. Garnett was employed at all relevant times by and acted as an agent of Defendant Praxis. Praxis was therefore liable for Ms. Garnett's conduct.

50. Defendants' violation of The Fair Housing Act directly and proximately caused Plaintiff to suffer severe psychological distress, humiliation, mental anguish, and extreme emotional distress.

**SECOND CAUSE OF ACTION**
**Violation of Fair Housing Act, 42 U.S.C. § 3617**

51. Plaintiff repeats and realleges the allegations in the preceding paragraph as though fully set forth herein.

52. Plaintiff is living with HIV and therefore is disabled ("handicapped") within the meaning of Fair Housing Act 42 U.S.C. § 3602(h).

53. The SRO unit rented to Plaintiff by Defendant Praxis is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

54. Ms. Garnett's conduct in purposefully and maliciously disclosing Plaintiff's HIV status to a member of Plaintiff's community constitutes intimidation on account of Plaintiff's exercising or enjoying his protections under the Fair Housing Act, 42 U.S.C. § 3604(f)(2) in violation of the Fair Housing Act, 42 U.S.C. § 3617.

55. Ms. Garnett was employed at all relevant times by and acted as an agent of Defendant Praxis. Praxis was therefore liable for Ms. Garnett's conduct.

56. Defendant's violation of The Fair Housing Act directly and proximately caused Plaintiff to suffer severe psychological distress, humiliation, mental anguish, and extreme emotional distress.

## THIRD CAUSE OF ACTION
### Violation of N.Y. Pub. Health Law § 2782

57. Plaintiff repeats and realleges the allegations in the preceding paragraphs of the complaint as though fully set forth herein.

58. Plaintiff is a "protected individual" within the meaning of the Public Health Law Article 27-F.

59. Plaintiff's HIV status constitutes "confidential HIV related information" within the meaning of the Public Health Law Article 27-F.

60. Defendant Praxis provides "health or social services" within the meaning of the Public Health Law Article 27-F. Ms. Garnett, as an employee and agent of Praxis, provided "health or social services" to Plaintiff.

61. Defendants obtained confidential HIV-related information about Mr. Doe in the course of providing him a "health or social service," as defined by Article 27-F of the Public Health Law.

62. Defendant Praxis is required by § 2782 of the New York Public Health Law and its implementing regulations to develop and implement HIV confidentiality policies and to further ensure that its employees "develop and implement policies and procedures to maintain the confidentiality of confidential HIV-related information." 10 NYCRR § 63.9.

63. Ms. Garnett was employed at all relevant times by and acted as an agent of Defendant Praxis. Praxis was therefore liable for Ms. Garnett's conduct.

64. Defendant Praxis failed to ensure that its agent and employee, Ms. Garnett, kept confidential HIV-related information confidential, in violation of N.Y. Pub. Health Law § 2782 and 10 NYCRR §63.6.

65. Defendant Praxis's failure to develop and implement policies and procedures required by 10 NYCRR § 63.9, including but not limited to their negligent supervision of Ms. Garnett and failure to thoroughly investigate and address Mr. Doe's complaint, take corrective action, inform him of the results, and provide him with an appeal process, further violated 10 NYCRR § 63.9 and N.Y. Pub. Health Law § 2782.

66. Defendants' violation of 10 N.Y.C.R.R. § 63.9 and N.Y. Pub. Health Law § 2782 directly and proximately caused Plaintiff to suffer severe psychological distress, humiliation, mental anguish, and extreme emotional distress.

## FOURTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

67. Plaintiff repeats and realleges the allegations in the preceding paragraphs as though fully set forth herein.

68. Ms. Garnett, an employee of Praxis, carelessly and negligently inflicted said emotional distress through her wanton and reckless disclosure of Plaintiff's confidential information, which she obtained in the course of her employment, to members of the Harlem community.

69. Ms. Garnett, an employee of Praxis, acted with wanton and reckless disregard for the foreseeable results of her disclosure, namely, that Plaintiff would suffer severe humiliation and emotional distress from the disclosure of said information and, furthermore, that Plaintiff's community members and neighbors, upon learning said information in such a public manner, would themselves begin to harass, ostracize, or even physically harm Plaintiff, causing him further humiliation, mental anguish, and emotional distress.

70. Defendant Praxis carelessly and negligently inflicted said emotional distress through its extreme or outrageous behavior, namely failing to properly supervise or train its staff, namely Ms. Garnett, in proper procedures for maintaining confidential information, and further in its failure to discipline or terminate Ms. Garnett when it became apparent that she disclosed Plaintiff's confidential HIV information.

71. Defendants' actions constituted negligent infliction of emotional distress against Plaintiff.

72. As a direct result of Defendants' wrongful acts and omissions, Plaintiff suffered and will continue to suffer significant humiliation, mental anguish, and extreme emotional distress.

## FIFTH CAUSE OF ACTION
### Negligence

73. Plaintiff repeats and realleges the allegations in the preceding paragraphs as though fully set forth herein.

74. Defendants failed to use ordinary and reasonable care in order to prevent injury to Plaintiff.

75. Defendants failed to perform their statutory duties pursuant to 10 N.Y.C.R.R. § 63.9 and N.Y. Pub. Health Law § 2782 in order to avoid injury to Plaintiff.

76. Defendants' negligence was the direct and proximate cause of humiliation, mental anguish and severe emotional distress to Plaintiff.

77. Defendant Garnett learned Mr. Doe's confidential information as a result of her employment with Praxis.

78. Defendant Praxis failed to use ordinary and reasonable care in training and supervising Defendant Garnett with respect to its statutory duty pursuant to 10 N.Y.C.R.R. § 63.9 and N.Y. Pub. Health Law § 2782 to keep plaintiff's HIV status confidential.

79. Defendant Praxis further failed to use ordinary and reasonable care to ensure that Ms. Garnett followed the confidentiality procedures Praxis was obligated by statute to create and implement, as detailed above.

80. Defendant Praxis further failed to use ordinary and reasonable care in supervising Ms. Garnett, even after being put on notice of her illegal disclosure of Plaintiff's HIV status.

81. Defendant Praxis refused to investigate or discipline Ms. Garnett or otherwise protect Plaintiff and other Praxis clients from Ms. Garnett's conduct and its resulting harms.

82. Defendant Praxis acted failed to use ordinary and reasonable care when it continued to employ Ms. Garnett even after it was put on notice of her conduct towards Plaintiff.

83. Defendant Praxis knew or had reason to know that Ms. Garnett was acting unprofessionally when Plaintiff made a complaint on June 7, 2023.

84. Defendant Praxis was further negligent in training, supervising and retaining its employees when it failed to investigate Plaintiff's complaint and/or retrain its staff in light of those complaints.

85. As a direct result of Defendants' negligence, Plaintiff suffered and will continue to suffer significant humiliation, mental anguish, and extreme emotional distress.

**WHEREFORE,** Plaintiff demands judgment pursuant to Fed. R. Civ. P. 8(a)(3) and CPLR § 3017(b) as follows:

(a) Declaring that by disclosing or allowing to be disclosed Plaintiff's confidential HIV-related information, Defendants' actions:

> (i) violated the Fair Housing Act, 42 U.S.C. 3617;
>
> (ii) violated Article 27-F (§ 2782) of the New York State Public Health Law and the regulations promulgated thereunder, including 18 NYCRR §§ 63.6 and 63.9;
>
> (iii) constituted negligent infliction of emotional distress; and
>
> (iv) constituted negligence;

(b) Enjoining Defendant Praxis and its employees, including Defendant Garnett, from making further illegal disclosures regarding Mr. Doe's confidential HIV-related information;

(c) Directing Defendant Praxis to:

      (i)      Make all necessary modifications to its policies, practices, and procedures to comply with New York's HIV confidentiality law and to maintain the confidentiality of clients' personal information;

      (ii)      Train Praxis staff on said modified policies, practices, and procedures;

      (iii)      Provide all Praxis staff and clients with a written documenting setting forth said modified policies, practices, and procedures;

      (iv)      Provide effective training to all management, agents and employees on New York's HIV confidentiality law and maintaining the confidentiality of clients' personal information, including sexual orientation; and

      (v)      Enforce staff compliance with all policies, practices, and procedures to comply with New York's HIV confidentiality law and to maintain the confidentiality of clients' personal information;

(d) Awarding such damages to Plaintiff as determined by the court to fully compensate him for the humiliation, embarrassment, and emotional distress suffered due to Defendants' conduct and disclosure of Plaintiff's confidential HIV-related information;

(e) Issuing a judgment against Defendants in an amount to be determined by the court, including civil penalties and punitive damages;

(f) Awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

(g) Granting Plaintiff such other and further relief as may be just and proper.

Dated: Brooklyn, New York
March 29. 2024

                                                BROOKLYN LEGAL SERVICES

                                     By: _____/s/_____
                                               Aaron Horth
                                               Brooklyn Legal Services
                                               *Attorneys for Plaintiff*
                                               105 Court Street, 4th floor
                                               Brooklyn, NY 11201
                                               718-237-5505
                                               ahorth@lsnyc.org